**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

**MURPHY MCNEIL,**                                            *

     **Petitioner,**                                    *

**v.**                                                             **Civil Case No.: GJH-19-675**

                                                          *                 **Criminal Case No.: GJH-17-193**

**UNITED STATES OF AMERICA**

                                                            *

     **Respondent.**                                     *

*     *     *     *     *     *     *     *     *     *     *     *     *

**MEMORANDUM OPINION**

*Pro se* Petitioner Murphy McNeil was sentenced to 110 months of imprisonment after he pleaded guilty to one count of felon in possession of a firearm. ECF No. 48. Pending before the Court is Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, ECF No. 51, and Petitioner's Motion to Appoint Counsel, ECF No. 61. No hearing is necessary to resolve either motion. *See* 28 U.S.C. § 2255(b); *Zelaya v. United States*, No. DKC-10-2509, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013). For the following reasons, Petitioner's Motion to Vacate is denied and Petitioner's Motion to Appoint Counsel is denied.

**I.     BACKGROUND**

On April 5, 2017, a grand jury for the District of Maryland returned an Indictment charging Petitioner with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count One"). ECF No. 1. On November 15, 2017, pursuant to a written plea agreement, Petitioner pleaded guilty to Count One of the Indictment. ECF Nos. 32, 33.

The Court held a sentencing hearing on February 26, 2018. ECF No. 48. The Pre-Sentence Investigation Report and Recommendation (the "Pre-Sentence Report") calculated

Petitioner's criminal offense level as 30 and his criminal history category as VI. ECF No. 58 at 15.[1] The Government argued that Petitioner was an armed career criminal under the Armed Career Criminal Act ("ACCA"), and, consistent with the Pre-Sentence Report, that his advisory sentencing guidelines range was 168 to 210 months, with a mandatory minimum sentence of 15 years. *Id.* at 15, 17. The Court ruled that Petitioner was *not* an armed career criminal under the ACCA. *See* ECF No. 58 at 20–21. It subsequently determined that Petitioner's criminal offense level was 25 and his criminal history category was VI, resulting in an advisory sentencing guidelines range of 110 to 137 months. *Id.* at 21–22. The Court then sentenced Petitioner to 110 months of imprisonment to be followed by three years of supervised release. ECF No. 48. According to the docket, Petitioner did not appeal the Court's final judgment.

On February 25, 2019, Petitioner filed a motion styled as a "Downward Departure." ECF No. 51. On May 31, 2019, the Court issued an order providing Petitioner twenty-eight days to object to the Court construing that motion as a Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 52. Petitioner responded on June 14, 2019 by filing a Supplemental Motion styled as a "Motion to Vacate, Set Aside, or Correct Sentence." ECF No. 53. The Government responded to Petitioner's Motion to Vacate and Supplemental Motion on November 5, 2019. ECF No. 60. Petitioner filed a Motion to Appoint Counsel on November 22, 2019, ECF No. 61, but he has not filed a reply in support of his Motion to Vacate.[2]

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] On January 28, 2020, the Court received a letter from Petitioner implying that he had not received a copy of the Government's response to his Motion to Vacate. ECF 62. The Government subsequently filed a letter with the Court stating that it would mail a copy of the response to Petitioner on February 4, 2020. ECF No. 63.

## II.    MOTION TO VACATE

### A.  Standard of Review

To be entitled to relief under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Where, however, a § 2255 petition, along with the files and records of the case, conclusively shows that the petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised therein may be dismissed summarily. 28 U.S.C. § 2255(b).

### B.  Discussion

In his Motion to Vacate and Supplemental Motion, Petitioner contends that a juvenile conviction was erroneously considered in his guideline determination, the Bureau of Prisons ("BOP") has used that same conviction to erroneously determine his security classification, and Petitioner's request for new counsel was denied. ECF No. 51 at 1; ECF No. 53 at 4–5. The Court will address each claim separately.

### i.  Guidelines Determination

First, Petitioner contends that the Court erroneously considered a 1994 juvenile conviction in its guideline determination. ECF No. 51 at 1. As an initial matter, a claim of sentencing error is "not cognizable in the context of a § 2255 motion, as it may only be raised on direct appeal." *Marchante-Rivas v. United States*, No. DKC-10-0063, 2013 WL 1104071, at *5 (D. Md. Mar. 14, 2013) (citing *United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009)). Indeed, "[t]he language of § 2255 makes clear that not every alleged sentencing error can be

3

corrected on collateral review." *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015). Rather, "only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." *Id.* Here, Petitioner has failed to identify any such fundamental defect or miscarriage of justice. Even if he had, the Court would be unable to find a fundamental defect or miscarriage of justice because it gave a clear and reasoned explanation for its decision to sentence Petitioner at the bottom of the guidelines range based on the factors articulated in 18 U.S.C. § 3553(a).

Even if Petitioner's claim were cognizable on collateral review, however, the claim is also procedurally defaulted. Generally, "a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). Where a petitioner waives his right to appeal, "he is precluded from raising claims that are the sort that *could have* been raised on appeal." *Linder*, 552 F.3d at 397 (internal citation and quotation marks omitted) (emphasis in original). Procedural default also "has special force with respect to convictions based on guilty pleas." *Bousley v. United States*, 523 U.S. 614, 621 (4th Cir. 1998) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)) (internal quotation marks omitted).

Here, pursuant to the plea agreement, Petitioner pleaded guilty to the charge in the Indictment and expressly waived his right to appeal his sentence. *See* ECF No. 33 ¶ 14(b) (waiving right to appeal sentence if Petitioner was not determined to be an armed career criminal under the ACCA and the imposed term of imprisonment fell at or below 137 months). Sentencing calculation errors are issues that could have been raised on direct appeal, *see Ashlock v. United States*, No. 4:12-cv-133, 2013 WL 5275908, at *7 (E.D. Va. Sept. 19, 2013), so Petitioner has waived his right to raise them on collateral review, *see Linder*, 552 F.3d at 397.

Petitioner may only overcome this procedural default if he can demonstrate cause and prejudice or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Here, he can do neither. He has not articulated any cause, such as ineffective assistance of counsel, to excuse his procedural default, nor has he claimed actual innocence. Because Petitioner has not established either condition that would excuse his procedural default, he is not able to raise a sentencing error claim on collateral review.

Finally, even if Petitioner's claim were cognizable on collateral review and he had not procedurally defaulted on that claim, the claim lacks merit. There is no indication in the record that a juvenile conviction was considered by the Court during sentencing. In fact, Petitioner successfully argued that he should not be considered an armed career criminal under the ACCA, and the Court therefore sentenced him at the bottom of the applicable guidelines range—a range that was lower than that advocated by the Government. Thus, any alleged sentencing errors do not provide a basis for granting Petitioner's Motion to Vacate.

### ii.  BOP Classification

Next, Petitioner contends that BOP has erroneously used his 1994 juvenile conviction to determine his security classification. ECF No. 53 at 4. This claim is not cognizable on collateral review because defendants do not have a protectible liberty interest in a particular security classification and these determinations are left to the discretion of prison officials. *See Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Thus, this claim does not provide a basis for granting Petitioner's Motion to Vacate.

### iii.  Counsel

Finally, Petitioner contends that he "applied for a different counsel but [he] was not afforded one." ECF No. 51 at 1; ECF No. 53 at 4. This claim fails because Petitioner has not

explained how this claim would entitle him to vacatur of his sentence. At his initial appearance

on April 24, 2017, he was appointed counsel under the Criminal Justice Act. ECF Nos. 5, 10.

Petitioner has made no argument that his trial counsel was deficient in any way, and there is

insufficient evidence to satisfy the ineffective assistance of counsel standard articulated in

*Strickland v. Washington*, 466 U.S. 668 (1984). Thus, this final claim does not provide a basis

for granting Petitioner's Motion to Vacate.

Petitioner has failed to provide a valid basis for vacating, setting aside, or correcting his

sentence. Accordingly, his Motion to Vacate is denied.

## III.    MOTION TO APPOINT COUNSEL

Petitioner has also requested court-appointed counsel to assist him in prosecuting his

Motion to Vacate. ECF No. 61. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may appoint an

attorney to represent any person proceeding *in forma pauperis* who is "unable to afford counsel."

In civil actions, however, the Court appoints counsel only in "exceptional" circumstances. *Cook*

*v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). In doing so, the Court considers "the type and

complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to

prosecute the claim. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (internal citations

omitted), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490

U.S. 296 (1989). Exceptional circumstances include a litigant who "is barely able to read and

write," *id.* at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v.*

*Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008). Inherent in this analysis is that one's

indigence alone is insufficient to establish exceptional circumstances.

Here, Petitioner has not identified any exceptional circumstances that would warrant

appointment of counsel, stating only that he needs help filing his Motion to Vacate. Petitioner

has adequately presented his claim, and the Court has concluded that his case need not proceed

to discovery or a hearing. For these reasons, appointment of counsel is not warranted and

Petitioner's Motion to Appoint Counsel is denied.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate is denied and Petitioner's

Motion to Appoint Counsel is denied. A separate Order shall follow.

Date: <u>April    21, 2020</u>                                   <u>    /s/                                    </u>
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge